JUAN MASINI, Plaintiff and Petitioner, *v.* JOSÉ MARÍA ROSADO, Defendant and Respondent.

No. 7433. Argued November 9, 1936.—Decided November 20, 1936.

*Rafael Soltero Peralta* for appellant. *V. Polanco de Jesús* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Petitioner herein in accordance with Rule 64 of this Court has filed a motion seeking our approval of a statement of the case which has been rejected by the lower court.

We do not think the petitioner has done enough in the trial court to entitle him to the shelter of Rule 64, *supra*. The reasons given in his motion may be summoned up as: (*a*) That he believes his statement of the case is a faith-

ful and complete -exposition of the evidence presented in the trial court; (b) that the lower court made no specific objections to his draft or statement of the case; (c) that the lower court believes that it is incorrect to draw up a statement of the case without obtaining a transcript of the evidence and that such court cannot properly pass on such a statement unless it has before it such a transcript.

We have read the order of the trial court and find that in its third paragraph it said:

"In the first place we notice that the principal document relied upon by the lower court in its judgment has been omitted from the statement of the case, that is, a receipt executed by the plaintiff in favor of the defendant after his complaint had been filed from which it appears that he continued to deal with the defendant pursuant to their partnership contract (aparcería) with regard to the land which was the subject of the unlawful detainer suit."

This specific objection has not been cured, and no attempt has been made to give a more complete statement of the testimony of the witnesses.

The court, first admitting the right of Petitioner not to rely on the stenographer's notes necessarily did not hold that the only correct manner in which to draw up a statement of the case was to have the stenographer's notes transcribed, although it did indicate that such was the best practice to avoid what happened in this case. We have discussed the absence of such a legal duty on the part of the appellant in the case of *Martínez* v. *Soto Nussa*, 22 P.R.R. 559. The Petitioner may make up a statement of the case from his own notes, from his memory or from the memory of the court and Respondent. It is the trial court which ultimately is the arbiter of whether a statement is complete.

We have cited a specific instance where the Petitioner has failed to comply with the objection of the lower court, and others less specific are indicated. We feel he should make another and a better effort to meet that court's suggestions and then possibly recur to this court. This should not be

done until the parties have made a more exhaustive attempt to agree upon a statement.

The various motions of the Petitioner are dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.